(25 App. Div. 354.)
## WILCOX v. HOWD.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

EVIDENCE—DECLARATIONS.
> A conversation, prejudicial to defendant's interests, which was not had in his presence, nor assented to by him, is incompetent.

Appeal from judgment on report of referee.

Action by Seth D. Wilcox against Louisa A. Howd. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

William Nottingham, for appellant.

M. H. Powers, for respondent.

PER CURIAM. The plaintiff in his complaint in this action alleges, among other things, that in the year 1880 he conveyed to the defendant's husband a farm situate in Camden, Oneida county, in consideration of the sum of $2,700, which the defendant agreed to pay the plaintiff therefor upon demand, but which it is alleged she has omitted to pay. The answer denied this allegation of the complaint, and upon the trial evidence was given tending to show that the farm was purchased by the husband, and upon his individual promise to pay for the same. In support of the plaintiff's contention, several witnesses were called to prove that Joel Howd, the husband of the defendant (who, it seems, was a Methodist minister), was entirely destitute of means; the inference sought to be conveyed by this class of evidence obviously being that the plaintiff would not have conveyed the farm, relying upon the promise of a person in his circumstances to pay therefor. Among the witnesses who gave testimony upon this subject was one Harmon Howd, a brother of the defendant's husband, who was permitted to detail, over the defendant's objection, a conversation had with Joel Howd, in which the latter stated, in substance, that he was dependent upon his salary of $800 per annum, and that he found it impossible to live upon that sum. Subsequently Meigs Howd, another brother, was in like manner permitted to detail a conversation with Joel in which the latter admitted that he was unable to pay for the farm in question. We think these declarations were clearly incompetent, as they were neither made in the presence of the defendant, nor assented to by her. The learned referee found against the defendant upon the issue to which we have just adverted; but the evidence relating thereto, upon which he based his conclusion, was at the best somewhat inconclusive, and that portion of it which was received over the defendant's objection could not but have been prejudicial to her interests. We are of the opinion, therefore, that the exceptions taken to its admission present error which requires a reversal of the judgment appealed from.

Judgment reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event.